A. WILE ET UX *v.* SWEENEY ET AL.

Judicial Sales—By Sheriff.

A sale by the sheriff, of land, on any day than the first day of a circuit or county court, is without authority and void.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 21, 1871.

RESPONSE BY THE COURT TO PETITION FOR RE-HEARING, BY JUDGE PRYOR.

*(See 2 Duvall, 161.)*

The attention of counsel for the appellees is called to the first opinion rendered in this case and reported in *2nd Duvall, page 161.* This court in that opinion say "that a sale by the *sheriff of land on any other day than the first day of a circuit or county court is without authority and consequently void.*" And in this same case the following language is used: "*As the sale of land in controversy was not made by the sheriff on the day fixed by law, it was a nullity, and his subsequent deed, based on such void sale passed no title to the appellees.*" This *sounds very much like this sale had been declared void.* Reference is also made to sec. 2, article 13, *chapter 36 of the Revised Statutes.* In the second opinion delivered in this case, this court uses this language: "*The plaintiffs showed* a defective execution of the suit and an informal and illegal sale," and in the opinion delivered at the present term the sale based upon the former opinions of this court was regarded as void and as passing no title whatever to the purchaser. The court below may have decided that the sale passed but an equity, but this court in pronouncing upon that judgment adjudged that the sale was void. *Counsel wish to know if the sale was void, how the purchaser Wier obtained an equity, and how he passed that equity to Sweeney and Taylor to whom he sold his bid.* The question is easily answered. The execution had been levied on this land, and although the sale was void and passed no title, legal or

equitable, the lien created by the levy still existed and in this way originated the equity on the part of the appellees. In the commissioner's report made in the case when the last judgment was rendered in the court below, the appellees were allowed large sums for insurance when there was no proof that Wile ever authorized the expenditure. This court in the second opinion delivered in this case, makes no reference to the items for insurance but attempts to lay down the basis by which the accounts between the parties were to be settled. The whole case went back under the order of reference to the commissioner and this court has never passed upon any of the items contained in the accounts between the parties. Counsel wish also to know if any of the bid at the sale is to be allowed; how does the court cut out so much as was the costs of the sale, etc. Not one cent of the bid has been allowed; the amount of the execution and costs up to the time of the levy and including the levy has been allowed for the reason that the levy created a lien on the land not because of this void sale. No interest should be allowed for the repairs and improvements, for the reason that the appellees were in possession deriving the benefit from these improvements and the appellant is only entitled to the rents of the property in its condition before the improvements were made, but if the appellees have received more than a fair rental value, that is, rented it for a price exceeding the usual price of renting, looking alone to its condition at the time they took possession and not its enhanced rental value by reason of the improvement they entered account for the rent they have thus received. How much would the property have rented for in its condition when appellees received it if without the improvements, they rented it for more than a fair rental value they should account for it. The increased rental value of the property by reason of the improvements, appellees are not liable for. This court as has been frequently decided will reverse a case for error appearing upon a commissioner's report in the settlement of accounts between parties, although no exception was made to the report in the court below. There has been no final adjudication of the matters of account between these parties. The petition for a rehearing is overruled.

*Bush,* for appellant.

*Sweeney & Stuart,* for appellee.